Mar. 20,  
1876. }                    CRITCHETT *v.* HALL.

BUZZELL *v.* SAME.

YOUNG *v.* SAME.

*Guardian and ward—Jurisdiction of probate court.*

The jurisdiction over the settlement of guardian's accounts is in the probate court. The declaration in an action in favor of a ward against his guardian, or of a guardian against his ward, must show that the account has been settled in the probate court.

FROM STRAFFORD PROBATE COURT.

APPEAL, by Ivory Young, devisee under the will of said David

Young, from the decision of the commissioner of insolvency on the estate of the said David, allowing the claims of the appellees as wards of the said David, their former guardian, and other claims against said David in his private capacity.

The first count in the appellees' several declarations is as follows : "The said Lucy M. Critchett declares and says that the said David Young, as a former guardian of the said Lucy, at the time of his death was, and his estate is, justly indebted to her in the sum of dollars, according to the account and specification hereto annexed."

To this count the appellant filed a general demurrer. These appeals were entered September term, 1872.

May, 1873, Rufus Hall, executor as aforesaid, gave notice to settle the account of David Young, as guardian of the plaintiffs, in the probate court, and a decree was made February, 1874, and from said decree said Ivory Young, devisee as aforesaid, appealed, and said appeals are now pending in the superior court, and ordered to an auditor.

Demurrer overruled. Appellant excepted. Case reserved by RAND, J.

*Woodman*, *Hobbs*, and *Small*, for the appellee.

*Wheeler* and *White*, for the appellants.

CUSHING, C. J. Objection is made by the appellee that the statute does not give a devisee the right of appeal, but only to the heir or creditor. Instead of moving, when the appeal was first entered, that it should be dismissed for this reason, the appellee has filed a declaration, and takes the objection by way of answer to the appellant's demurrer. In other words, she asserts, as a reason for sustaining her declaration, that the parties have no right to be in that court.

It appears from the record, as shown in the printed case, that the administrator is the party on the record, as doubtless he should be. The statute gives certain parties a right to appeal, with or without the administrator's consent, on furnishing certain security. Of these parties the devisee *eo nomine* is not one, and it may be, therefore, that he would not have by the statute a right to appeal against the administrator's consent. But it would, I think, be the administrator's duty to appeal himself, being properly indemnified, if cause should be shown to him why he should do so for the protection of a party who had not himself a right to appeal. As it appears that the appeal has gone on so far in his name and without his objection, I think we may safely presume that it is with his consent, and there is therefore no objection to the appeal for this reason.

The cases of *Smith* v. *Philbrick*, 2 N. H. 396, *Rogers* v. *Wendall*, cited 5 N. H. 69, *Phelps* v. *Worcester*, 11 N. H. 51, *Smith* v. *Davis*, 45 N. H. 570, are all authorities to show that actions cannot be maintained by guardians against wards, or wards against guardians, until the guardian's account is settled in the probate court. It is true, that in these cases the actions were by the guardian against the ward ; but the

reasons for the rule as given by the court apply equally in the case of ward against guardian. In *Smith* v. *Philbrick*, RICHARDSON, C. J., says,—" It cannot admit of a doubt, that accounts between guardians and wards can be more conveniently settled, and with less expense to the parties, in the courts of probate, than by actions at law in this court. Besides, according to the course of proceedings in those courts, guardians must there make oath to the truth and justice of their claims, which may in many cases be of much importance to the ward. The statute has, therefore, with peculiar propriety, required guardians to give security to account to the judge of probate; and it seems to us that it would be highly improper and inconvenient to permit guardians to maintain against their wards actions for money advanced and services rendered by them as guardians, while their accounts remain unadjusted in the courts of probate." This reasoning applies with just as much force to an action in favor of the ward against the guardian, as to an action in favor of the guardian against the ward. Accordingly, it is said, by BARTLETT, J., in *Smith* v. *Davis*, that by the policy of our law the probate court is made the tribunal for the settlement of all guardianship accounts. The case of *Pickering* v. *DeRochemont*, 45 N. H. 67, goes upon the same principle,—the action in that case having been sustained on the ground that the guardianship existed only under a foreign jurisdiction, and had ceased when the action was commenced.

It appears, from what has been said, that, in order that the action should be maintained, it should appear that the guardianship account had been settled in the probate court; and, as the declaration does not show this, the demurrer must be allowed.

LADD and SMITH, JJ., concurred.

*Exceptions sustained.*