LYMAN, *Ap't, v.* ELSHER, *Ap'ee.*

When a guardian's account is settled by a decree in the probate court upon insufficient notice, and the settlement is satisfactory to a surety on the guardian's bond, but the surety is entitled to a valid decree for his own protection, he may cause a new proceeding to be instituted in that court for a settlement of the account upon due notice; and the mere want of such notice, without any refusal of the probate court to cause due notice to be given, is not a ground on which the surety can appeal from the decree.

PROBATE APPEAL, from a decree determining the amount in the hands of the defendant as guardian upon a settlement of account. The plaintiff, a surety on the defendant's bond, is satisfied with the amount fixed by the decree, but appeals for the alleged reason that the account was settled upon insufficient notice, and that by reason of this defect the decree will be of no avail to the plaintiff in determining the sum for which he is liable as surety.

*Dodge,* for the plaintiff.

The purpose of the appeal is to cause the decree of the probate court to be affirmed so as to protect the plaintiff against all parties. The guardian's surety may appeal. *Jones* v. *Chase,* 55 N. H. 234; *Bryant* v. *Allen,* 6 N. H. 116; *Tilton* v. *Tilton,* 41 N. H. 479.

*Smith,* for the defendant.

BINGHAM, J. The jurisdiction of the probate court in the settlement of guardian accounts is original and exclusive. *Critchett* v. *Hall,* 56 N. H. 324; *Clark* v. *Courser,* 29 N. H. 173. If the notice was insufficient to give the probate court jurisdiction, the plaintiff

can cause another proceeding to be instituted, upon due notice, for the settlement of the defendant's account in the probate court.

*Appeal dismissed.*

All concurred.